# EXHIBIT 2

1. IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| KENSANDRA SMITH and MARY ELLEN NILES, *individually and on behalf of all others similarly situated*, | ) ) ) ) | Case No. 23-cv-15828 |
| Plaintiffs, | ) ) | Hon. Jeremy C. Daniel |
| v. | ) ) | |
| LOYOLA UNIVERSITY MEDICAL CENTER, | ) ) | |
| Defendant. | ) | |

**FINAL APPROVAL ORDER**

Before the Court is Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and Memorandum in Support (the "Motion for Final Approval"), which seeks approval of the Settlement as fair, reasonable, and adequate. *See* Dkt. No. 84. Also before the Court is Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards and Memorandum in Support (the "Motion for Attorneys' Fees and Service Awards").[1] *See* Dkt. Nos. 77-80. Having reviewed and considered the Settlement Agreement, Motion for Final Approval, and Motion for Attorneys' Fees and Service Awards, and having conducted a Final Approval Hearing, the Court makes the following findings and grants the relief set forth below approving the Settlement upon the terms and conditions set forth herein.

**WHEREAS**, on May 8, 2025, the Court entered an Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") (Dkt. No. 76) which, among other

---

[1] All capitalized terms not defined herein have the same meanings as set forth in the Settlement Agreement and Release.

1

things: (i) conditionally certified this Litigation as a class action, including defining the class and class claims, (ii) appointed Plaintiffs as the Settlement Class Representatives; (iii) appointed the law firms of Almeida Law Group LLC and Jennings & Earley PLLC as Class Counsel; (iv) preliminarily approved the Settlement Agreement; (v) approved the form and manner of Notice to the Settlement Class; (vi) set deadlines and requirements for the claims period, opt-outs, and objections; (vii) approved and appointed Verita Global, LLC ("Verita") as the Claims Administrator and (ix) set the date for the Final Approval Hearing;

**WHEREAS**, on June 6, 2025, pursuant to the Notice requirements and obligations set forth in the Settlement Agreement and in the Preliminary Approval Order, Verita began the process of notifying the Settlement Class of the terms of the proposed Settlement Agreement. The Court-approved Notice informed Settlement Class Members of, among other things, their right to opt-out or to object to the Settlement Agreement as well as to be heard at the Final Approval Hearing;

**WHEREAS**, on September 17, 2025, the Court held a Final Approval Hearing to determine, *inter alia*: (i) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate for the release of the claims contemplated by the Settlement Agreement and (ii) whether judgment should be entered dismissing this Litigation with prejudice. Prior to the Final Approval Hearing, a declaration from Verita attesting to compliance with the provisions of the Settlement Agreement and Preliminary Approval Order relating to notice was filed with the Court as required by the Preliminary Approval Order. Therefore, the Court is satisfied that Settlement Class Members were properly notified of their right to submit a claim and to appear at the Final Approval Hearing in support of or in opposition to final approval of the proposed Settlement Agreement and the Motion for Attorneys' Fees and Service Awards;

**WHEREAS**, the Court not being required to conduct a trial on the merits of the case or to determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement; and

**WHEREAS,** the Court being required under Federal Rule of Civil Procedure 23(e) to make the findings and conclusions hereinafter set forth for the limited purpose of determining whether the Settlement should be approved as being fair, reasonable, adequate, and in the best interests of the Settlement Class;

Having given an opportunity to be heard to all requesting persons in accordance with the Preliminary Approval Order, having heard the presentation of Class Counsel and Defendant's Counsel, having reviewed all of the submissions presented with respect to the proposed Settlement Agreement, having determined that the Settlement Agreement is fair, adequate, and reasonable, having considered the Motion for Attorneys' Fees and Service Awards to the Representative Plaintiffs, and having reviewed the materials in support thereof, and good cause appearing:

**IT IS HEREBY ORDERED that:**

1. The Court has jurisdiction over the subject matter of this action and over all claims asserted therein and all Parties thereto, including the Settlement Class.

2. The Settlement involves allegations in Plaintiffs' Amended Class Action Complaint against Defendant for allegedly installing and using certain Tracking Tools on its Website to collect and to disclose personal information to third parties, which Plaintiffs allege directly and proximately caused injuries to Plaintiffs and the Settlement Class Members.

3. The Settlement does not constitute an admission of liability by Defendant, and the Court expressly does not make any finding of liability or wrongdoing by Defendant.

4. The Court, having reviewed the terms of the Settlement Agreement submitted by the Parties pursuant to Federal Rule of Civil Procedure 23(e)(2), grants final approval of the Settlement Agreement and for purposes of the Settlement Agreement and this Final Order and Judgment only, the Court hereby finally certifies the following Settlement Class:

> All persons who logged into the LUMC MyChart patient portal account at least once from January 1, 2018 through December 31, 2022.

Excluded from the Settlement Class are: (i) Defendant, its affiliates, parents, subsidiaries, officers, and directors, (ii) the judge(s) presiding over this matter and their clerk(s), (iii) any individual who timely and validly excluded themselves from the Settlement, and (iv) the successors or assigns of any such excluded person.

5. The Court finds, based upon the submissions, that the Settlement was entered into in good faith following arm's-length negotiations and is otherwise non-collusive. The Settlement is in the best interests of the Settlement Class and is therefore approved. The Court finds that the Parties faced significant risks, expenses, delays, and uncertainties, including as to the outcome in continued litigation or on appeal of this complex matter, which further supports the Court's finding that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the delays and expenses associated with it, weigh in favor of approval of the Settlement.

6. The Settlement Agreement provides, in part, and subject to a more detailed description of the settlement terms in the Settlement Agreement, for:

   a. Claims administration as outlined in the Settlement Agreement whereby Settlement Class Members can submit claims that will be evaluated by the Settlement Administrator.

    b. Defendant to pay all costs of notice and claims administration from the Settlement Fund, including the costs associated with the Settlement Administrator providing Notice, processing and administering of claims, and preparing and mailing payments including checks.

    c. Defendant to pay, subject to the approval and award of the Court, the reasonable attorneys' fees and expenses of Class Counsel and Service Awards to the Class Representatives from the Settlement Fund.

7. The Court adopts and incorporates herein by reference its preliminary conclusions and findings regarding the Settlement's compliance with Federal Rule of Civil Procedure 23(a) and (b)(3) set forth in the Preliminary Approval Order. Further, the Court notes that because certification of this Settlement Class is in connection with the Settlement Agreement rather than litigation, the Court need not address any issues of manageability that may be presented by certification of the class proposed in the Settlement Agreement.

8. The terms of the Settlement Agreement are fair, adequate, and reasonable and are hereby approved, adopted, and incorporated by the Court. Notice of the terms of the Settlement, the rights of Settlement Class Members under the Settlement, the Final Approval Hearing, Plaintiffs' Motion for Attorneys' Fees and Service Awards as directed by this Court's Orders, and proof of Notice has been filed with the Court.

9. The Court finds that the notice program, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to the Settlement Class of the pendency of the Litigation, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and their right to object and to appear at the final approval hearing or to exclude themselves from the Settlement Agreement, and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and other applicable law.

10. The Court finds that the Parties have fully complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

11. As of the deadline to opt-out of the Settlement, three potential Settlement Class Members submitted timely requests to be excluded from the Settlement (Dkt. No. 84-1) and no potential Settlement Class Member objected to the Settlement. Those persons that submitted timely requests for exclusion are not bound by the Settlement Agreement and this Final Order and Judgment and shall not be entitled to any of the benefits or obligations afforded to the Settlement Class Members under the Settlement Agreement, as set forth in the Settlement Agreement.

12. All Settlement Class Members who have not objected to the Settlement Agreement in the manner provided in the Settlement Agreement are deemed to have waived any objections by appeal, collateral attack, or otherwise.

13. The Court has considered all the documents filed in support of the Settlement, and has fully considered all matters raised, all exhibits and declarations filed, all evidence received at the Final Approval Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

14. The Parties, their respective attorneys, and the Claims Administrator are hereby directed to consummate the Settlement in accordance with this Final Order and Judgment and the terms of the Settlement Agreement.

15. Pursuant to the Settlement Agreement, Defendant, the Claims Administrator, and Class Counsel shall implement the Settlement in the manner and timeframe as set forth therein.

16. Within the time set forth in the Settlement Agreement, the relief provided for in the Settlement Agreement shall be made available to the Settlement Class Members submitting valid Claim Forms, pursuant to the terms and conditions of the Settlement Agreement.

17. Pursuant to and as further described in the Settlement Agreement, Plaintiffs and the Settlement Class Members release claims as follows:

> From any and all past, present and future claims, counterclaims, lawsuits, set-offs, costs, expenses, attorneys' fees and costs, losses, rights, demands, charges, complaints, actions, suits, causes of action, obligations, debts, contracts, penalties, damages or liabilities of any nature whatsoever, known, unknown or capable of being known, in law or equity, fixed or contingent, accrued or unaccrued and matured or not matured that arise out of, are connected to, and that were or could have been asserted in the Litigation.

18. The Court grants final approval to the appointment of Plaintiffs as Class Representatives. The Court concludes that Class Representatives have fairly and adequately represented the Settlement Class and will continue to do so.

19. Pursuant to the Settlement Agreement, and in recognition of their efforts on behalf of the Settlement Class, the Court approves a payment in the amount of $2,500.00 each for Plaintiffs Kensandra Smith and Mary Ellen Nilles. The Service Awards shall be paid from the Settlement Fund.

20. The Court grants final approval to the appointment of Almeida Law Group LLC and Jennings & Earley PLLC as Class Counsel. The Court concludes that Class Counsel has adequately represented the Settlement Class and will continue to do so.

21. The Court, after careful review of the Motion for Attorneys' Fees and Service Awards filed by Class Counsel, and after applying the appropriate standards required by relevant case law, hereby grants Class Counsel's application for attorneys' fees in the amount of $803,421.33 or one third of the Net Settlement Fund.

22. Reasonable litigation costs and expenses of $21,326.01 are also hereby awarded. Payment shall be made pursuant to the terms of the Settlement Agreement.

23. This Final Order and Judgment and the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against the Defendant of any claim, any fact alleged in the Litigation, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of the Defendant or of the validity or certifiability for litigation of any claims that have been, or could have been, asserted in the lawsuit.

24. This Final Order and Judgment, the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement shall not be offered or received or be admissible in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Plaintiffs, any Settlement Class Member, or any other person has suffered any damage; provided, however, that the Settlement Agreement and this Final Order and Judgment may be filed in any action by Defendant, Class Counsel, or Settlement Class Members seeking to enforce the Settlement Agreement or the Final Order and Judgment (including, but not limited to, enforcing the releases contained herein).

25. The Settlement Agreement and Final Order and Judgment shall not be construed or admissible as an admission by Defendant that Plaintiffs' claims or any similar claims are suitable for class treatment. The Settlement Agreement's terms shall be forever binding on, and shall have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims and other prohibitions set forth in this Final Order and Judgment that are maintained by, or on behalf of, any Settlement Class Member or any other person subject to the provisions of this Final Order and Judgment.

8

11.1 If the Effective Date, as defined in the Settlement Agreement, does not occur for any reason, then: (i) this Settlement Agreement, the Preliminary Approval Order, the Final Approval Order (if applicable), and all of their provisions shall be rendered null and void; (ii) all Parties shall be deemed to have reverted to their respective status in the Litigation as of the date and time immediately preceding the execution of this Settlement Agreement; (iii) except as otherwise expressly provided, the Parties shall stand in the same position and shall proceed in all respects as if this Settlement Agreement and any related orders had never been executed, entered into or filed; and (iv) no term or draft of this Settlement Agreement nor any part of the Parties' settlement discussions, negotiations or documentation (including any declaration or brief filed in support of the motion for preliminary approval or motion for final approval), nor any rulings regarding class certification for settlement purposes (including the Preliminary Approval Order and, if applicable, the Final Approval Order and Final Judgment), will have any effect or be admissible into evidence for any purpose in the Litigation or any other proceeding.

26. Pursuant to *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 382 (1994), and the Parties' agreement, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

27. This Order resolves all claims against all Parties in this Litigation and is a final order and judgment.

28. The matter is hereby dismissed with prejudice and without costs except as provided in the Settlement Agreement.

**SO ORDERED THIS \_\_\_\_ DAY OF _____, 2025.**

    **Hon. Jeremy C. Daniel**
    **United States District Judge**